By the Court. Vanderpoel, J.
This case is somewhat peculiar. The defendants seek to hold the plaintiffs to their abandonment of the cargo, which forms the subject of the action, and insist that the plaintiffs having abandoned the property to them, they, from that time, became substituted to it or its proceeds in the plaintiff’s right, according to the proportions covered by their policy.
The plaintiffs, on the other hand, insist, that the letters of the 19th September, and November 16, 1846, respectively, did not *80 show a valid right to abandon, and also, that at each of those dates, the property insured had been relieved from the peril on which the attempt to abandon was founded, so that the abandonment was not effectual, and, therefore, the underwriters were not entitled to the substitution claimed by them.
The whole case depends upon the legal effect of the attempted abandonment.
When the assured makes an abandonment, and the underwriter accepts it, it is binding on the parties. So far as it respects the rights of the assured, an acceptance of the abandonment is not necessary. If made in due form, and for sufficient cause, it transfers the subject, and perfects the right of the assured to recover for a total loss, although it is not accepted by the insurers. (2 Phillips on Ins. 400.) The underwriter is not construed by his silence merely, to accept the abandonment. He is not bound, says Justice Story, in Peele v. Merchants Insurance Co., to signify his acceptance. If he says nothing and does nothing, the proper conclusion is, that he does not mean to accept. (2 Phill. 401.)
The two letters of abandonment were written in Rhode Island, when the plaintiffs could not have known the real facts, as they were afterwards shown to have existed. It is a well established rule, that the right to abandon, is to be tested by the actual facts at the time of the abandonment, and not upon the state of the information received. (3 Kent’s Comm. 325; Church v. Bedient, 1 Caines’ Cases in Error, 21; Depau v. Ocean Insurance Co., 5 Cow. 63; Dutilh v. Gatliff, 4 Dallas, 446; 2 Wash. C. C. Rep. 54.) The assured may act upon the best information they can get, as to the state of the vessel or the cargo, but as Chancellor Lansing said in Hallett v. Peyton, (1 Caines’ Cases in Error, 40,) “ if the information is either totally unfounded or materially variant from the truth, it would be a strange position to maintain, that its resemblance should be preferred to the truth itself.” There must be an actual total loss, or one in the highest degree probable, to justify an abandonment of the cargo. (Anderson v. Wallis, 2 Maule & Sel. 240; Hunt v. Royal Exchange Assurance Co., 5 ibid, 47; 2 Camp. N. P. 624.)
*81 We are of opinion, that as the defendants did not accept the abandonments made by the plaintiffs; and the facts subsequently discovered, showed there was no ground for it; they did not acquire the plaintiff’s right to the oil, or its proceeds or re-investments. The judgment must be, as for a partial loss; as there was no binding abandonment of the property to the defendants.